PER CURIAM.
This cause is before us on appeal from an order awarding compensation benefits. We affirm without discussion the award of benefits. We grant appellee’s motion for attorney fees and remand for appropriate findings. However, certain comments of the judge of compensation at the hearing of January 28, 1991, appear to be highly inappropriate. That colloquy is as follows:
THE JUDGE: THIS IS A HEARING BEFORE HONORABLE ARTHUR S. SEPPI, JUDGE OF COMPENSATION CLAIMS, in Fort Lauderdale, Broward County, Florida, on Monday, January 28, 1991, commencing at 10:50 a.m. in The Department of Labor and Employment Security.
The claim is KAREN GERASIMCHIK versus T A K COMMUNICATIONS, INC.; Claim Number 266 71 5889; ORION GROUP is the Carrier, accident date, 7/28/89.
The claimant is represented by C. RANDALL MORCROFT, ESQUIRE.
The employer/carrier is represented by ROSALIND R. KALINSKY, ATTORNEY AT LAW.
THE JUDGE: Tell me why I should set the order aside?
MS. KALINSKY: Well, what I’m asking for is—
THE JUDGE: You’re asking for a new order.
MS. KALINSKY: Well, I have no problem with the temporary partial benefits. Temporary partial was awarded from 10/19/89 through 1/23/90, and we’re fine with that. We have no dispute with that. It’s the wage loss benefits from 1/24/90 through 10/12/90, so we’re actually asking that the order actually be amended to reflect a denial of wage loss on the grounds set forth in our motion for rehearing; and the grounds are that Dr. Stein did not determine permanent impairment pursuant to the AMA Guides.
He testified that he did not use the guides. He said he could write the guides better than they could, and the law is clear that if the injury—
THE JUDGE: Counsel, I really don’t give a damn what he says. I awarded the benefits and I’m going to stick with my award, and if you don’t like it, appeal it. That’s all I can tell you.
MS. KALINSKY: Okay.
MR. MORCROFT: I guess I don’t need to respond, although I disagree with her—
THE JUDGE: You don’t have to respond.
MR. MORCROFT: Okay.
THE JUDGE: I don’t agree with the doctor either.
MS. KALINSKY: Okay.
MR. MORCROFT: What I was just going to say is that, you know, her statement of the fact that Dr. Stein didn’t give an impairment, I don’t believe is true. In his deposition, he did give a rating per the AMA Guides.
MS. KALINSKY: Well, I quoted the testimony—
THE JUDGE: The motion is denied, and you can appeal it if you would like.
*307 MS. KALINSKY: Okay.
THE JUDGE: And, you have until the eleventh day of next month to file your notice.
MS. KALINSKY: Okay.

THE JUDGE: It will only cost you a lot of money, because they won’t reverse me, and if they do reverse me, you’re still going to have to pay a lot of money, because when it comes around to attorneys fees, bingo, I will lay it on you.

MR. MORCROFT: Thank you Judge, [emphasis added]
(Whereupon, the hearing is concluded)
Litigants have a basic right to appeal genuine issues. Statements such as those above quoted indicate that the judge has already made up his mind and has determined to award fees as a sanction against the litigant who seeks to exercise his right of appeal. On remand for award of fees, we caution the judge that he should continue in this case only if he can do so with an open mind and award attorney fees based on proper criteria.
BOOTH, WOLF and KAHN, JJ„ concur.